IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-51293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTIN FLORES-MARTINEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-494-ALL-OG

_____

October 15, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Valentin Flores-Martinez appeals his sentence for his guilty plea conviction

on one charge of transporting illegal aliens in violation of 8 U.S.C. § 1324. He

maintains that he should have received a three-level increase in his offense level

computation under U.S.S.G. § 2L1.1(b)(2)(A), rather than the six-level increase the

PSR assigned under U.S.S.G. § 2L1.1(b)(2)(B). The Government agrees that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

six-level increase was erroneous and that Flores-Martinez's sentence should be vacated and the case remanded for resentencing.

Flores-Martinez transported 19 illegal aliens. He should have received a three-level enhancement to his base offense level of 12.[1] Considering a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a),(b), his adjusted offense level should have been 13.

Flores-Martinez did not object to the calculation of his criminal history score; consequently, our review is for plain error.[2] To establish plain error, he must show that the error is clear or obvious error and that it affects his substantial rights.[3] The instant misapplication of the Sentencing Guidelines qualifies as such. Accordingly, we VACATE Flores-Martinez's sentence and REMAND for resentencing. In doing so we intimate no view as to the propriety of any sentence within the applicable guidelines range.

Sentence VACATED; REMANDED for resentencing.

---

[1] U.S.S.G. § 2L1.1(b)(2)(A).

[2] United States v. Hawkins, 87 F.3d 722 (5th Cir. 1996).

[3] United States v. Calverley, 37 F.3d 160 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725 (1993)).